# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## MARQUISE HARRIS v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Davidson County**
**No. 10C-2401   Amanda McClendon, Judge**

---

**No. M2010-01905-CCA-R3-HC - Filed Janaury 20, 2011**

---

This matter is before the Court upon the State's motion to dismiss or in the alternative to affirm the judgment of the trial court by memorandum opinion pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Petitioner, Marquise Harris, appeals the denial of his petition for writ of habeas corpus in which he alleged that his transfer to the Middle Tennessee Mental Health Institute for a forensic evaluation was illegally accomplished in violation of the Fifth Amendment to the United States Constitution and the Sixth Amendment right to counsel and trial by jury.  Additionally, Petitioner complained that neither the general sessions court nor the criminal court had jurisdiction because of the illegal transfer.   Upon a review of the record in this case, we are persuaded that the trial court was correct in dismissing the petition for habeas corpus relief and that this case meets the criteria for affirmance pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JERRY L. SMITH, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ. joined.

Marquise Harris, Pro Se, Nashville, Tennessee

Robert E. Cooper, Jr., Attorney General & Reporter, and Clark Bryan Thornton, Assistant Attorney General, for the appellee, State of  Tennessee.

## MEMORANDUM OPINION

Petitioner pled guilty to two counts of aggravated assault, two counts of attempted first degree murder, and one count of felonious possession of a weapon on January 13, 2006. He received an effective sentence of twenty-three years.  Petitioner did not seek a direct appeal of his convictions or sentence.

Subsequently, in July of 2008, Petitioner sought habeas corpus relief in Lake County. The petition was dismissed without a hearing. Petitioner filed an application for permission to appeal in the Tennessee Supreme Court. It was dismissed on August 26, 2008. *See Marquise Harris v. State*, No. M2009-01834-CCA-R3-HC, 2010 WL 2025406, at *1 (Tenn. Crim. App., at Nashville, May 21, 2010).

Petitioner then filed a second petition for habeas corpus relief in Davidson County, alleging ineffective assistance of counsel, among other things. The trial court denied relief, granting a motion to dismiss filed by the State. On appeal this Court affirmed the dismissal. *See id.* at *2.

On June 28, 2010, Petitioner filed a third petition for habeas corpus relief which is the subject of this appeal. In this latest petition, Petitioner claims that his transfer to the Middle Tennessee Mental Health Institute for a forensic evaluation was illegally accomplished. Specifically, Petitioner alleges that the transfer was in violation of the Fifth and Sixth Amendments to the United States Constitution. Due to the illegal transfer, Petitioner argues that neither the trial court nor the criminal court had subject matter jurisdiction over his case. Additionally, Petitioner argues that trial counsel was ineffective for failing to raise lack of jurisdiction in the trial court as an issue. Petitioner attaches a multitude of documents to his petition to support his claim.

*Analysis*

The determination of whether to grant habeas corpus relief is a question of law. *See Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). As such, we will review the habeas corpus court's findings de novo without a presumption of correctness. *Id.* Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *See Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 955 S.W.2d at 83).

However, if after a review of the habeas petitioner's filings the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. T.C.A. § 29-21-109; *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280 (Tenn. 1964). Further, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007); *Hickman*, 153 S.W.3d at 19-20; *Archer*, 851 S.W.2d at 165. A habeas corpus court "properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." *Summers*, 212 S.W.3d at 260; *see also Hickman*, 153 S.W.3d at 21.

The trial court herein properly dismissed the petition for habeas corpus relief. None of the grounds for relief presented by Petitioner were cognizable in a habeas corpus proceeding. Petitioner's claim of ineffective assistance of counsel can only be raised in a post-conviction proceeding. While a trial court may treat a petition for habeas corpus relief as a petition for post-conviction relief, T.C.A. § 40-35-105, the petition must be timely. T.C.A. § 40-30-102(a). Petitioner's claim is untimely if treated as a petition for post-conviction relief. Further, Petitioner previously sought post-conviction relief in a habeas corpus claim and relief was denied on the basis that the petition was untimely. *Marquise Harris*, 2010 WL 2025406, at *2. Additionally, Petitioner's claim that his transfer to Middle Tennessee Mental Health Institute was illegal does not make him eligible for habeas corpus relief. Even if taken as true, Petitioner's claims would not render his conviction void. Petitioner has had various opportunities to challenge his convictions. He has presented nothing herein to entitle him to habeas corpus relief. Petitioner is not entitled to relief.

*Conclusion*

Rule 20, Rules of the Court of Criminal Appeals provides inter alia:

The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:

The judgment is rendered or the action taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. . . .

We determine that this case meets the criteria of the above-quoted rule and, therefore, we grant the State's motion filed under Rule 20. We affirm the judgment of the trial court.

_____
JERRY L. SMITH, JUDGE